E-FILED
Tuesday, 14 June, 2016 03:57:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD C. ZEIGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-1022 |
| | ) |
| COUNTY OF PEORIA, a non-home-rule unit of local government, and JOHNNA INGERSOLL, in her official capacity as Coroner of the COUNTY OF PEORIA, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on Defendants' Motion to Strike Plaintiff's Prayer for Punitive Damages [#7]. For the reasons set forth below, the Defendants' Motion to Strike [#7] is GRANTED.

### BACKGROUND

Plaintiff Richard C. Zeigler ("Zeigler") filed a complaint against Defendants County of Peoria ("Peoria County") and Johnna Ingersoll ("Ingersoll") that alleges discriminatory employment practices on the basis of religion. The complaint states that Ingersoll, who was Zeigler's supervisor when he was employed at Peoria County, failed to reasonably accommodate Zeigler's religious beliefs by refusing to allow him to attend two Jehovah's Witness conferences in June 2012 and August 2012; by suspending Zeigler for 45 days; and by terminating Zeigler's employment with Peoria County. Zeigler explained that one or more of his co-workers had offered to work the shifts he would miss to attend the conferences and that Zeigler's absence from said conferences infringed on his sincerely held religious beliefs.

1

Zeigler filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Peoria County for violations under Title VII of the Civil Rights Act of 1964 ("Title VII"). 42 U.S.C. §2000e *et seq.* On May 29, 2015, the EEOC found reasonable cause to determine that Peoria County violated Title VII by failing to provide Zeigler with reasonable accommodation for his religious beliefs and then terminating his employment. The EEOC invited Peoria County to engage in informal conciliation efforts, but the EEOC was ultimately unable to secure a conciliation agreement.

Zeigler then filed this lawsuit against Peoria County and Ingersoll in her official capacity as Coroner of Peoria County under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Zeigler's prayer for relief includes, *inter alia*, a request for punitive damages.

Defendants filed a motion to strike Plaintiff's prayer for punitive damages and a supporting memorandum on March 24, 2016. See E.C.F. Docs. 7, 8. The Defendants' memorandum states that Peoria County and Ingersoll are governmental entities and political subdivisions of the State of Illinois. It further states that punitive damages cannot be recovered against government entities or local officials sued in their official capacity, citing § 1981a(b)(1) and *Passananti v. Cook County*, 689 F.3d 655 (7th Cir. 2012).

Plaintiff filed a response to Defendants' motion, which narrowly interprets § 1981a(b)(1) as applying to a government, government agency, or political subdivision. See E.C.F. Doc. 11. The response asserts that Ingersoll is not a government, government agency, or political subdivision, but rather a person employed by Peoria County, and therefore, Plaintiff is entitled to seek punitive damages against her.

**STANDARD OF REVIEW**

On a motion to strike under Rule 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Regarding claims of intentional discrimination in employment:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, governmental agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1).

**ANALYSIS**

The issue before the Court today is whether Zeigler can seek punitive damages for a Title VII claim of employment discrimination against a county employee sued in her official capacity. The Supreme Court has asserted that punitive damages are not intended to compensate the injured party, but instead meant to punish the tortfeasor and deter him and others from similar conduct. *Newport v. Fact Concerts*, 453 U.S. 247, 266-67 (1981). An award of punitive damages against a government entity punishes "only the taxpayers, who took not part in the commission of the tort" because they will bear the burden of paying the damages. *Id.* 267. In the Civil Rights Act of 1991, Congress expressly prohibited the award of punitive damages against governmental entities in cases involving unlawful intentional discrimination in employment. 42 U.S.C. § 1981a(b)(1). As stated above, punitive damages may not be awarded when the respondent is "a government, governmental agency or political subdivision" even when the complaining party demonstrates that the discriminatory actions violated the federally protected rights of the complainant. *Id.*

In the instant case, the complaint states that Peoria County is a non-home rule unit of local government and Ingersoll is a Peoria County employee. Zeigler brought the claim against

Ingersoll in her official capacity as Coroner of Peoria County. Zeigler does not argue that he should be able to seek punitive damages from Peoria County. Rather, his memorandum responding to the motion applies a narrow interpretation of § 1981a(b)(1) and argues that he can seek punitive damages from Ingersoll because she is a person and not a government, government agency, or political subdivision. This Court does not find this argument persuasive because the Seventh Circuit has made clear that "[a]n official capacity suit is tantamount to a claim against the government entity itself." *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). *See also Passananti*, 689 F.3d 655, 677 (7th Cir. 2012) (supervisor may not be held individually liable and punitive damages cannot be recovered against a government entity for discrimination under Title VII). Thus, because this action is brought against Ingersoll in her official capacity as Coroner, Plaintiff's claim for punitive damages must be dismissed. *Id*.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Strike [#7] is Granted.

Signed on this 14th day of June, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
